UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARBARA BENNETT, et al., | CASE NO. 5:12-CV-00207 |
| Plaintiffs, | JUDGE JOHN R. ADAMS |
| vs. | |
| STATE FARM INSURANCE COMPANIES, | **MEMORANDUM, OPINION AND ORDER** |
| Defendant. | |

This matter appears before the Court on dueling Motions for Summary Judgment on behalf of Barbara and Robert Bennett and State Farm Insurance Companies (Defendant). Both parties timely filed a Motion in Opposition to the opposing party's Motion for Summary Judgment. As such, both Motions for Summary Judgment are ripe for the Court's review. For the following reasons, Plaintiffs' Motion for Summary Judgment is DENIED, and Defendant's Motion for Summary Judgment is GRANTED.

I. **Factual Background and Procedural History**

On November 9, 2010, Barbara Bennett (Plaintiff) was walking her dog north on Birchwood Road in the city of Garfield Heights, Ohio. Robert P. Pastel, Jr. was simultaneously operating a 2010 Ford Fusion south on Birchwood Road. While making a left hand turn onto Garfield Boulevard, Mr. Pastel struck Plaintiff's left knee with the front of his automobile as she was crossing Garfield Boulevard on foot. After Mr. Pastel's vehicle struck Plaintiff's left knee, she was thrown onto the hood of Mr. Pastel's vehicle, thus suffering further injury. The injury

that Plaintiff sustained because of Mr. Pastel's automobile striking her knee included a left knee tibial plateau fracture and a left fibula fracture. Plaintiff received corrective surgery with hardware for these injuries.

At the time of the accident, Mr. Pastel possessed automobile insurance under an automobile policy that he had purchased from State Farm Insurance Companies. As a result of Mr. Pastel's negligence in striking Plaintiff with his vehicle, a settlement agreement was reached through Defendant whereby Plaintiff released Mr. Pastel from all liability in exchange for the limits of Mr. Pastel's liability insurance coverage with Defendant.

Separate from her liability claim against Mr. Pastel, Plaintiff now seeks medical payment coverage under Mr. Pastel's insurance policy with Defendant. Plaintiff claims that she sustained some of her injuries while "occupying" Mr. Pastel's vehicle. Specifically, Plaintiff asserts that because she incurred some of her injuries as a result of being thrown onto the hood of Mr. Pastel's automobile post impact, she was an "occupant" of the vehicle as defined by Mr. Pastel's automobile insurance policy. Regarding the availability of medical payment coverage, Mr. Pastel's State Farm policy states in relevant part:

> Persons for Whom Medical Expenses are Payable
>
> We will pay medical expenses for bodily injury sustained by:
> 1.  a. the first person named in the declarations;
>     b. his or her spouse; and
>     c. their relatives.
>
> 2. any other person while **occupying** a vehicle covered under the liability coverage. (emphasis added).

State Farm's insurance policy goes on to define "occupying" to mean "in, on, entering or alighting from."

The medical expenses related to Plaintiff's injuries exceeded the $5,000.00 medical

2

payment coverage limit of the policy at issue. To date, Plaintiff's causally related medical bills resulting from the injuries that she sustained because of Mr. Pastel's automobile striking her exceed $41,500.00. Both parties concur that all of the Plaintiff's medical bills are reasonable medical expenses. The parties also agree that Plaintiff's medical payment claim is not subject to the policy's non-duplication provisions regarding recovery.

## II. Law & Analysis

### a. Summary Judgment Standard

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Estate of Smithers v. City of Flint*, 602 F.3d 758, 761 (6th Cir. 2010). The evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment creates a burden-shifting framework. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). First, a party seeking summary judgment must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; Fed. R. Civ. P. 56(a). If the moving party satisfies this burden, then the nonmoving party must demonstrate to the Court that there are facts genuinely in dispute, and must do so by citing to the record. Fed. R. Civ. P. 56(c)(1)(a); *See Anderson*, 477 U.S. at 250. The nonmoving party must show specifically "that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. The Sixth Circuit has long held that "mere conclusory and unsupported allegations, rooted in speculation, do not meet that burden." *Bell v. Ohio State Univ.,* 351 F.3d 240, 253 (6th Cir.

2003), citing *Bryant v. Commonwealth of Kentucky,* 490 F.2d 1273, 1274 (6th Cir. 1974).

Both parties agree that no factual disputes exist in the case at bar. Therefore, the sole issue before this Court is whether Plaintiff was "occupying" Mr. Pastel's vehicle when she sustained her physical injuries. This question is resolved simply by applying existing case law to the facts of the present case.

The term "occupying," defined as "in or upon, entering into or alighting from," has been the subject of much litigation in the area of uninsured motorist and medical payment coverage. *Robson v. Lighting Rod Mut. Ins. Co.*, 59 Ohio App.2d 261, 263 (10th Dist. 1978). In studying the wide array of factual situations which have arisen, "it is apparent that determining whether a person is 'occupying' a vehicle is not as easy as it might appear at first blush." *Id*. Historically, there are three possible approaches that Ohio courts have taken in deciding whether there is coverage in these types of situations. See *Robson*, 59 Ohio App.2d at 263-64.

The first method of construction is a rather strict interpretation of the word "occupying" as defined in the policy. *Id*. at 263. By that method one would be held to be "in" the automobile or "entering or alighting from" the vehicle only when he is actually in that position, as these terms are understood by the average person and as the words are taken in their plain, ordinary and popular sense. *Id*. By this construction, the words are held to be plain and unambiguous and resort is not given to interpretation by rules of liberal construction. *Id*.

Under the second method of construction, "occupying" would be liberally construed in the endorsement so as to provide coverage, whenever possible, recognizing that there are gray areas in the determination of whether a person is "occupying" a vehicle. *Id*. at 264. Insurance Law Professor Alan I. Widiss, in analyzing decisions taking this approach, states that courts "… seem to be defining coverage either in terms of a reasonable geographic perimeter around an

insured vehicle, or a kind of relationship between the vehicle and the claimant such that so long as the drivers or passengers are within that area or engaged in a task related to the operation of the vehicle they are within the scope of the coverage…" *Id*. (*quoting* Widiss*, A Guide To Uninsured Motorist Coverage* 32, 35 Section 2.11 (Supp.1978)).

In a third group of cases, the courts have found physical contact with the insured vehicle to be necessary before one is eligible for coverage under a requirement that one occupy the vehicle. *Robson*, 59 Ohio App.2d at 264.

The Ohio Supreme Court has held that the second approach (*supra*) should govern when determining whether an individual is an "occupant" of an automobile for insurance purposes. See *Joins v. Bonner*, 28 Ohio St.3d 398, 401 (1986). "The Ohio Supreme Court has stated that the word 'occupying' should not be given an unduly narrow definition." See *Kish v. Central Nat. Ins. Group* (1981), 67 Ohio St.2d 41, 51. That is, the term "occupying" should be liberally construed to permit recovery for injuries sustained while an insured was performing tasks intrinsically related to the operation of the vehicle. *Id.*, citing *Robson*, 59 Ohio App.2d 261 and *Madden v. Farm Bur. Mut. Auto Ins. Co.*, 82 Ohio App. 111 (1st Dist. 1948). Discussing why the Court selected the "liberal" approach, the *Robson* Court stated:

> We believe that the determination of whether the vehicle was "occupied" should be based on an analysis of the relationship between the vehicle and the claimant within a reasonable geographic perimeter, where a gray area exists concerning whether a person was "in or upon, entering into or alighting from" an insured vehicle. We apply that rule for two reasons. First, while the words "in or upon, entering into or alighting from" do not appear to be ambiguous when taken in a vacuum, they are ambiguous when determining the scope of coverage in fact situations...'Language in a contract of insurance reasonably susceptible of more than one meaning will be construed liberally in favor of the insured and strictly against the insurer.' *Buckeye Union Ins. Co. v. Price* (1974), 39 Ohio St.2d 95, 313 N.E.2d 844 (syllabus).
> We reject a strict rule of construction as it is not clear at just which point a person is "in" or "entering into or alighting from" a vehicle. Hence, liberal construction should be used to define those words in order to determine the extent

> of coverage. We reject "the physical contact" rule as it is an arbitrary rule which may result in the frustration of coverage in bona fide cases such as where the person was in the process of entering the vehicle but was still a hand's [sic] length away from contacting the vehicle at the time of the injury, and may allow recovery in other cases where there was no reasonable relationship between the one injured and the vehicle.

59 Ohio App.2d at 264-65.

Plaintiff in the present case was not performing a task intrinsically related to the operation of Mr. Pastel's vehicle. See, e.g., *State Farm Mutual Auto Insurance co. v. Counts*, Ohio App., Lexis 4945 (9th Dist. 1990) (claimant held "occupying" when injured was underneath vehicle working on it); *Halterman v. Motorists Mut. Ins. Co.*, 3 Ohio App.3d 1 (8th Dist. 1981) (claimant held "occupying" vehicle when injured siphoning gasoline into the insured vehicle); *Robson*, 59 Ohio App.2d 261 (claimant held "occupying" vehicle when injured loading a stereo into the trunk of the insured vehicle); *Madden*, 82 Ohio App. 111 (claimant held "occupying" vehicle when injured placing a tire in the truck of the insured vehicle). Although Plaintiff claims to have sustained injuries as the result of falling onto the hood of Mr. Pastel's vehicle, the record indicates that Plaintiff was neither inside nor attempting to operate, load or repair Mr. Pastel's vehicle as the aforementioned line of cases so required. Therefore, even utilizing a liberal construction, the facts in the present case do not reveal the Plaintiff to be "occupying" Mr. Pastel's vehicle.

In her Motion for Summary Judgment, Plaintiff attempts to compare the facts of the present case to those in *Halterman*, 3 Ohio App.3d 1. In *Halterman*, two motorists stopped to assist another motorist who had run out of gasoline while traveling on Interstate 90. While the two motorists were siphoning gas into the vehicle, another vehicle struck the assisting motorist's vehicle, pinning the assisting motorists between their car and the car of the stranded motorist. The insurance policy in that case defined "occupying" as "means in or upon or entering into or

alighting from" a vehicle. In holding that the trial court correctly found that the assisting motorists were able to assert a UM/UIM claim, the Eighth District Court of Appeals held:

> 'Upon' requires that one be within a reasonable geographic perimeter around the insured vehicle *and that he have a relationship with the auto*…The claimants herein meet these requirements. They were standing directly next to the auto and they had a relationship with the auto insofar as they were siphoning gasoline into it.

*Id*. at 4. (emphasis added). Plaintiff's attempts to compare the facts of the present case to those in *Halterman* fail. *Halterman* is distinguishable from the case *sub judice*. As mentioned above, Plaintiff must have been performing a task intrinsically related to the operation of Mr. Pastel's vehicle in order to receive coverage as an "occupant," such as siphoning gasoline at the time of the injury. Plaintiff's activity here, that of walking her dog, is simply not intrinsically related the operation of Mr. Pastel's motor vehicle.

This Court believes that the facts of the present case are more comparable to the facts presented in *Williams v. Bache* , 9th Dist. No. C.A. 19749, 2000 WL 1533897 (Oct. 11, 2000). In *Williams*, a police officer was investigating a suspicious vehicle that was parked on the side of Interstate 76. While speaking with the driver of the stopped vehicle, the officer observed another vehicle driving directly at him. The officer immediately jumped onto the hood of the parked car or used his hands to vault across the hood of the vehicle to avoid the oncoming car from striking him. The officer landed on the hood with his chest and the front part of his body and then rolled off the hood onto the ground. However, the oncoming vehicle struck the officer's right ankle area while he was rolling off of the hood.

In an attempt to recover UM/UMI, the officer filed suit against the owner of the parked vehicle claiming that he was an "occupant" of the parked vehicle. In denying the officer's claim, the court held:

> In the case at bar…(the officer) was not performing a task intrinsically related to the operation of (Defendant's) car. Although (the officer) was standing beside (Defendant's) car, it is clear from the record that (the officer) was neither inside the vehicle nor attempting to operate, load or repair it. Thus, even a liberal construction of "occupying" cannot bring the instant facts within the ambit of the term. This Court, therefore, concludes that (the officer) was not "occupying" (the Defendant's) car as meant under the policy.

*Id.* at *3.  Because Plaintiff in the present case was walking across the street when Mr. Pastel's car struck her, it is apparent that Plaintiff was neither inside, nor attempting to operate, load or repair Defendant's vehicle.  The record is devoid of any facts to the contrary.  Moreover, because both parties have stipulated to the facts in the present case, no genuine issues of material fact exist.  As such, this Court concludes that Plaintiff was not "occupying" Defendant's car as meant under the policy.

### III.  Conclusion

In this case, the Court has reviewed both parties' Cross Motions for Summary Judgment and applied the above-stated summary judgment standard.  In doing so, the Court finds Defendant's motion well-taken for the reasons stated therein.  Therefore, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED.  Plaintiff's claims are hereby DISMISSED.

IT IS SO ORDERED.

DATE: December 12, 2012               */s/ John R. Adams*
                                       Judge John R. Adams
                                       UNITED STATES DISTRICT COURT

8